IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWARD W. JEFFERSON | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-11-2536 |
| J. MICHAEL STOUFFER and | * | |
| J. PHILLIP MORGAN | * | |
| Respondents | *** | |

## MEMORANDUM

The above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 seeks "mandatory injunction to restrain further enforcement" of the remaining time left on petitioner's 25 year sentence. ECF No. 1 at p. 8. Petitioner, a Maryland division of Correction prisoner, asserts he is illegally confined because (1) he was improperly denied parole; (2) he was improperly denied restoration of revoked diminution of confinement credits; and (3) he was improperly denied assignment to a lower security prison. *Id*. For the reasons that follow the court will grant petitioner's motion to proceed in forma pauperis and dismiss the petition for writ of habeas corpus.

The Constitution itself does not create a protected liberty interest in the expectation of early release on parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.). Petitioner's claim that he was improperly denied release on parole is not an adequate basis for habeas corpus relief.

Likewise, the claim regarding improper denial of restoration of diminution of confinement credits also provides no basis for habeas relief. Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. *See McCray v. Rosenblatt,* 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U. S. 424, 428 (1962)).

It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Petitioner's claim that he is entitled to be assigned to a lower security prison to facilitate his eventual release is without merit and does not present a basis for habeas relief.

A separate order dismissing the petition follows.

  September 12, 2011                         /s/                                              
Date                                         J. Frederick Motz
                                             United States District Judge